**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MARILYN YOPP,** individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>**JAS LINKS HEALTHCARE SERVICES, INC. and CHIOMA MBONU,**<br>       Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, MARILYN YOPP (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, BROWN, LLC and THE ORLANDO FIRM, P.C., hereby brings this Collective Action Complaint against Defendant JAS Links Healthcare Services, Inc. ("Defendant JAS") and Defendant Chioma Mbonu ("Defendant Mbonu") (collectively, "Defendants"), and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b), individually and on behalf of all similarly situated persons employed by Defendant JAS Links Healthcare Services, Inc. and Defendant Chioma Mbonu arising from

Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201, *et seq.*

2.　　Defendants maintained a common policy of failing to pay hourly-paid

employees at time-and-a-half of their regular rate for hours worked in excess of forty

(40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C.

§ 207(a)(1).

3.　　To the extent Defendants paid hourly-paid employees for hours worked

in excess of forty (40) in a workweek, such pay was at the same rate of pay they

received for non-overtime hours.

4.　　Plaintiff asserts the foregoing FLSA claim not only individually, but

also on a representative basis pursuant to 29 U.S.C. § 216(b) behalf of a putative

"FLSA Collective defined as:

> *Any individual who worked for Defendants as an hourly-paid employee*
> *at any time within the 3 years preceding the filing of this action and the*
> *date of judgment.*

5.　　Plaintiff seeks judgment against Defendants for actual and liquidated

damages on behalf of herself and the putative FLSA Collective, plus costs and

reasonable attorneys' fees.

## JURISDICTION AND VENUE

6.　　This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves the FLSA, a federal statute.

7.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

8.      This Court may properly maintain personal jurisdiction over Defendants because Defendants reside this state and because Plaintiff's claims arise from Defendants' contacts with this state.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (c) and (d) because the Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

10.     Plaintiff Marilyn Yopp is an adult resident of Gainesville, Georgia.

11.     Defendants employed Plaintiff Marilyn Yopp in the position of home health aide ("HHA") from approximately August 2019 through the present.

12.     Pursuant to 29 U.S.C. § 216(b), Plaintiff has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

13.     Defendant JAS is a home health agency that provides in-home medical services throughout the state.

14.     Defendants are a "private employer" and covered by the FLSA.

15.     At all relevant times, Defendants were an employer of Plaintiff and other putative FLSA Collective members.

3

16.     Defendant JAS maintains a headquarters and principal business office of located at 2282 Meadow Church Road, Suite 400, Duluth, GA 30097.

17.     Defendant Mbonu is the owner and Chief Executive Officer ("CEO") of Defendant JAS.

18.     Defendant Mbonu is a citizen of the United States and maintains a residence located at 4780 Highland Point Drive, Suite B2, Auburn, GA 30011.

19.     Defendant Mbonu has directed employment practices of Defendant JAS.

20.     Defendant Mbonu has directly or indirectly acted in the interest of Defendant JAS in relation to its employees at all times relevant herein.

21.     Defendant Mbonu has directly or indirectly acted in the hiring and firing employees.

22.     Defendant Mbonu has directly or indirectly acted in relation to setting employees' conditions of employment.

23.     Defendant Mbonu has directly or indirectly acted in relation to setting employees' schedules.

24.     Defendant Mbonu has directly or indirectly acted in relation to setting employees' rates and methods of compensation.

25.     Defendant Mbonu has directly or indirectly acted in relation to distributing payroll.

4

26. Defendant Mbonu has directly or indirectly acted in supervising employees day-to-day.

27. At all relevant times, Defendants were an enterprise engaged in interstate commerce.

28. At all relevant times, Defendants' annual gross revenue exceeded $500,000.00.

29. At all relevant times, Defendants employed individuals who directly engaged in interstate commerce or have worked with products that have moved in interstate commerce.

## FACTUAL ALLEGATIONS

30. The foregoing paragraphs are hereby incorporated by references as if fully set forth at length herein.

31. Defendants' gross annual sales has been in excess of $500,000 at all relevant times.

32. Defendants are an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because they have employees engaged in commerce as well as employees handling, settling, and otherwise working on goods or materials that have been moved in or produced for commerce.

33.     By way of example, HHAs handle goods, materials, and medications that had traveled in and are produced for interstate commerce.

34.     Additionally, HHAs travel on interstate highways to/from client homes, as well as take clients shopping and to medical appointments via interstate highways.

35.     Further, Defendants have had two (2) or more employees handling, selling, or otherwise working with or on goods or materials that have been moved in or produced for commerce.

36.     Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

37.     Defendants provides its clients in-home healthcare services by sending HHAs to clients' homes to provide life-services including, *inter alia*, providing antibiotics, changing colostomy bags, bathing clients, taking clients shopping for groceries, taking clients shopping for clothing and other goods, cooking, and administering medication.

38.      At all times material hereto, HHAs were hourly-paid employees of Defendants.

39.     Defendants' hourly-paid employees routinely worked over forty (40) hours per week.

40.     Defendants maintained a common policy of failing to pay hourly-paid employees at time-and-a-half of their regular rate for hours worked in excess of forty

(40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C.

§ 207(a)(1).

41.     To the extent Defendants paid hourly-paid employees for hours worked

in excess of forty (40) in a workweek, such pay was at the same rate of pay they

received for non-overtime hours.

42.     Thus, Defendants paid its employees straight time for overtime.

43.     At all times material hereto, Plaintiff was compensated on an hourly

basis.

44.     Plaintiff routinely worked over forty (40) hours per week.

45.     Plaintiff routinely worked approximately sixty-three (63) to one

hundred twelve (112) hours per week.

46.     However, Plaintiff did not receive overtime compensation for the hours

worked in excess of forty (40) per week.

47.     Rather, to the extent Defendants paid Plaintiff for hours worked in

excess of forty (40) in a workweek, such pay was at the same rate of pay she received

for non-overtime hours.

48.     From approximately August 2019 to the present, Plaintiff was not paid

overtime compensation at a rate of 1.5 times her regular rate of pay for hours worked

in excess of forty (40) in a workweek.

49.     By way of example, for the pay period of April 5, 2021 to April 11, 2021, Plaintiff worked ninety-eight (98) hours, but did not receive any premium for overtime compensation for the approximately fifty-eight (58) hours of overtime she worked that workweek. *See* **Exhibit 2**.

50.     Accordingly, Defendants' hourly-paid employees were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, but did not.

51.     Defendants knew and/or recklessly disregarded that their hourly-paid employees were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, and that they were not receiving such compensation.

## FLSA COLLECTIVE ALLEGATIONS

52.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

53.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former hourly-paid employees of Defendants.

54.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated who worked for Defendants

as an hourly-paid employee at any time within three (3) years preceding the filing of this action and the date of judgment. Plaintiff contends that she and FLSA Collective Members were denied compensation and overtime compensation due to Defendants' policy and practice of failing to pay hourly-paid employees at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek.

55.     Plaintiff estimates that there are in excess of fifty (50) putative FLSA Collective Members or persons in positions with substantially similar job duties who are either working or worked for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. FLSA Collective Members may be informed of the pendency of this Collective Action by direct mail, e-mail, text message, and/or publication.

56.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the FLSA Collective Members are similarly-situated. Plaintiff and the FLSA Collective members were similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendants' policy of failing to pay hourly-paid employees at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, had the same or similar job

classifications and job duties, and were subject to the same uniform policies and practices.

57.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them to the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(h), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

58.     Plaintiff asserts claims for the foregoing FLSA violations not only individually, but also on behalf of a putative FLSA Collective defined as:

> *Any individual who worked for Defendants as an hourly-paid employee at any time within the three (3) years preceding the filing of this action and the date of judgment.*

59.     As a result of Defendants' common policies and practices, Defendants failed to pay members of the putative FLSA Collective, including Plaintiff, the federally mandated overtime rate of 1.5 times their regular rate for all hours worked over forty (40) in a workweek.

**COUNT I**
**29 U.S.C. § 207(a)(1)**
**FAILURE TO PAY OVERTIME**
(*Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b)*)

60.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

61.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

62.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

63.     In most workweeks, Plaintiff and the FLSA Collective Members worked over forty (40) hours.

64.     Plaintiff and the FLSA Collective Members did not receive any form of premium overtime compensation for hours worked in excess of forty (4) in a workweek.

65.     For example, Plaintiff worked over forty (40) hours in a workweek during the pay period of April 5, 2021 through April 11, 2021, and was not paid overtime compensation.

66.     In workweeks in which Plaintiff and the FLSA Collective Members worked in excess of forty (40) hours, Defendants failed to compensate them at the federally mandated rate of 1.5 times each employee's regular hourly wage. 29 U.S.C. § 207.

67.     Defendants knew or acted with reckless disregard as to whether putative FLSA Collective Members' were entitled to overtime compensation for

hours worked in excess of forty (40) in a workweek, and Defendants were on notice of the FLSA's requirements at all relevant times.

68.     Accordingly, Defendants' conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective Members, respectfully requests that this Court grant the following relief against Defendants:

A.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

B.     Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonable calculated to apprise the collective members of their rights by law to join and participate in this lawsuit;

C.     Designating Plaintiff as the representative of the FLSA Collective Members and undersigned counsel for the same;

D.     Finding that Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

E.     Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective the full amount of compensatory damages and liquidated damages available by law;

F.     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

G.     Granting an incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective Members in this action;

H.     Awarding pre- and post-judgment interest to Plaintiff and the FLSA Collective Members on these damages; and

I.     Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff Marilyn Yopp, individually and on behalf of all other FLSA Collective Members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

DATED: April 1, 22           By:           */s/* Roger Orlando

                                                Roger Orlando
                                            **THE ORLANDO FIRM, P.C.**
                                            315 West Ponce De Leon Ave, Suite 400, Decatur, Georgia 30030
                                            (973) 898-0404
                                            roger@orlandofirm.com

                                            *Local Counsel for Plaintiff*

                                            Edmund C. Celiesius (*to file pro hac vice*)
                                            Nicholas Conlon (*to file pro hac vice*)
                                            **BROWN, LLC**
                                            111 Town Square Pl, Suite 400
                                            T: (877) 561-0000
                                            F: (855) 582-5297
                                            ed.celiesius@jtblawgroup.com
                                            nicholasconlon@jtblawgroup.com

                                            *Lead Counsel for Plaintiff*

14