## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MARILYN YOPP,** individually, and on behalf of all others similarly situated,<br><br>             Plaintiff,<br>vs.<br><br>**JAS LINKS HEALTHCARE SERVICES, INC. and CHIOMA MBONU,**<br>             Defendants. | Case No.: 1:22-cv-01293-WMR |

## PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Marilyn Yopp, Dianne Brooke Wade, and Tammy Casper (collectively, the "Plaintiffs") and Defendants JAS Links Healthcare Services, Inc. and Chioma Mbonu (collectively, the "Defendants") (Plaintiffs and Defendants collectively referred to as the "Parties") respectfully file this Brief in Support of their Unopposed Motion for Approval of Settlement.[1]

## I.      INTRODUCTION

In this case, Plaintiffs and Defendants jointly request that the Court enter an Order approving the Settlement Agreement reached between the parties in resolution of a *bona fide* dispute regarding the Plaintiffs' claims for wages allegedly owed to

---

[1] A true and correct copy of the Parties Settlement Agreement is attached hereto as **EXHIBIT 1**.

them under the Fair Labor Standards Act ("FLSA"). The Parties have carefully and exhaustively negotiated a settlement related to this action, and they have agreed to resolve the disputed factual and legal issues on terms set forth in the Settlement Agreement submitted to the Court for review.

The Parties seek Court approval of their settlement agreement because the Eleventh Circuit has held that claims under the FLSA, like those settled and released by Plaintiffs, may not be waived or released without Department of Labor or court approval. 29 U.S.C. § 216(b) and (c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982).

The Parties' settlement is a product of an arm's-length negotiation between the parties and their experienced counsel. The Parties respectfully submit that the terms of the settlement are fair, reasonable, and adequate, and they resolve a *bona fide* dispute between the parties with respect to liability and damages.

## II.    ARGUMENT

### A. Court Approval of FLSA Settlements

FLSA claims may not be settled without approval of either the Secretary of Labor or a district court. *See Null v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013); 29 U.S.C. § 216(c). In determining whether a FLSA settlement should be approved, courts look to the Eleventh Circuit's seminal opinion in *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). "When employees bring a

private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.[2] A court should approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a *bona fide* dispute between the parties. *Id.* at 1354 ("IF a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging a settlement of litigation."). Thus, a FLSA settlement should be approved when, as in this case, it is a fair and reasonable compromise reached as a result of contested litigation to resolve a *bona fide* dispute between the Parties.

### B. The Proposed Settlement is the Product of Contested Litigation to Resolve a *Bona Fide* Dispute

Plaintiffs alleged that Defendants violated the FLSA because they failed to pay them an overtime premium for work performed in excess of forty (40) hours in

---

[2] The standard for approval of an FLSA settlement is lower than that for a FRCP Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *See, e.g., Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1136 (D. Nev. 1999) ("The §216(b) requirement that plaintiffs consent to the suit serves essentially the same due process concerns that certification serves in a Rule 23 action."). Rule 23's fairness factors are, however, instructive and relevant. *See, e.g., Gamble v. Boyd Gaming Corp.*, 2017 U.S. Dist. LEXIS 25497, at *4 (D. Nev. Feb. 23, 2017).

a workweek. Defendants do not deny that Plaintiffs were not paid an overtime premium, but do dispute the number of hours worked in excess of forty (40) per workweek during the relevant time period and deny that such alleged action was willful.

Here, the $27,000.00 gross settlement amount is roughly eighty-eight percent (88%) of the back wages and liquidated damages the Plaintiffs could potentially recover on their FLSA claims if they were to have proven a willful violation allowing a three-year limitation period and taking into account the alleged discrepancy over the total hours worked over forty (40) in a workweek. This is an excellent recovery given the risks they would face in further litigation, which includes establishing their hours worked over forty (40) hours in a workweek and demonstrating Defendants violation to be willful to avail themselves to the FLSA's three-year statute of limitations.

Further, there is no question that the proposed settlement agreement is the product of contested litigation. In the Complaint, Plaintiff made detailed, factual allegations describing Defendants' allegedly unlawful compensation practices. The Parties conducted informal discovery, including Defendant providing the weekly time sheets for purpose of determining the amount of back wages owed to Plaintiffs. Plaintiffs' counsel reviewed documents and conducted a thorough, independent investigation. Similarly, Defendants engaged in analysis of their own documents and

records to evaluate the veracity of Plaintiffs' claims and otherwise conducted their own extensive investigation.

Accordingly, the Court should conclude that the proposed settlement was the product of contested litigation.

### C. The Settlement Reflects a Fair and Reasonable Resolution of the FLSA Wage Disputes

The non-exhaustive list of factors courts typically consider in evaluating a proposed settlement for fairness include: (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recover; and (6) the opinions of counsel. *See, e.g., Prieto v. Scheeler's Café De Marco, Inc.*, 2017 WL 359220, at *1 (M.D. Fla. Jan. 9, 2017) (citing *Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014)); *Leverso v. SouthTrust Bank*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). Here, the Parties agree that application of these factors confirms that their proposed settlement constitutes a fair and reasonable compromise of their *bona fide* disputes.

The settlement in this lawsuit resulted only after significant negotiations between the Parties. Prior to the settlement, the Parties, who at all times have been fully and adequately represented by counsel, had full opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the

claims and defenses at issue. The arms-length negotiations by experienced counsel allowed the Parties to bridge the significant gap between the Parties' settlement positions and obtain the resolution set forth in the attached settlement. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

Here, the proposed settlement provides relief to Plaintiffs in the gross amount of $27,000.00 (inclusive of alleged unpaid overtime damages and alleged liquidated damages) and eliminates the inherent risk both sides would bear if this litigation were to continue. *See Quintanilla v. A&R Demolition, Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) ("The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable" after taking into account the risks and costs of litigation) (quoting *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982)).

Under the settlement agreement, Plaintiff Marilyn Yopp stands to recover $9,262.67 (inclusive of liquidated damages). From the records reviewed, if Plaintiff Marilyn Yopp could prove all her alleged overtime hours worked during a three-year statutory lookback period, she could arguably receive $10,497.60 (inclusive of liquidated damages). This amounts to Plaintiff Marilyn Yopp standing to recover

6

eighty-eight percent (88%) of her alleged unpaid overtime and liquidated damages under the settlement agreement. This is a significant recovery.

Likewise, Plaintiff Dianne Brooke Wade stands to recover $766.28 (inclusive of liquidated damages). From the records, if Plaintiff Dianne Brooke Wade could prove all her alleged overtime hours worked during a three-year statutory lookback period, she could arguable receive $868.44 (inclusive of liquidated damaged). This amount to Plaintiff Dianne Brooke Wade standing to recover eighty-eight percent (88%) of her alleged unpaid overtime and liquidated damages under the settlement agreement. Again, this recovery is significant.

Finally, Plaintiff Tammy Casper stands to recover $16,971.05 (inclusive of liquidated damages). From the records, if Plaintiff Tammy Casper could prove all her alleged overtime hours worked during a three-year statutory lookback period, she could arguably recover $19,233.68 (inclusive of liquidated damages). This amounts to Plaintiff Tammy Casper standing to recover eighty-eight percent (88%) of her alleged unpaid overtime and liquidated damages under the settlement agreement. Each Plaintiffs recovery is significant given the Parties contentions as to the amount of overtime hours worked by each Plaintiff and whether a two-year or three-year limitations period should apply.

Accordingly, in light of Defendants agreement to pay Plaintiffs the total sum of $27,000.00, separate and apart from their attorneys' fees, including consideration

for their unpaid overtime and liquidated damages, the Parties stipulate that their Agreement is fair and reasonable.

### D. The Court Should Approve Plaintiffs' Counsels Attorneys' Fees as Fair and Reasonable

The Court should approve Plaintiffs' counsel attorneys' fees and costs in this action. The attorneys' fees and costs are not a percentage of Plaintiffs' recovery in this case, such that there is no correlation between the amount of monetary consideration being paid to Plaintiffs and the amount of attorneys' fees and costs being paid by Defendants on Plaintiffs behalf. *See* 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiffs' attorneys' fees and costs were claimed by Plaintiffs and their counsel separate and apart from the amounts sought by Plaintiffs for their underlying claims, and were negotiated independently. *See* Settlement Agreement, § 1.D.

As Judge Presnell explained in *Bonetti v. Embarq Management Co.*, where a plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Here, the parties first negotiated the $27,000 payments to Plaintiffs, and then separately negotiated

the payment of attorneys' fees and costs. While Plaintiffs respectfully submit that that this is sufficient for the Settlement Agreement to be approved as to fees and costs, *see e.g. Messan Nogbe v. Austell Rd. BP, Inc*., 2019 U.S. Dist. LEXIS 245224, at *4-5 (N.D. Ga. Nov. 22, 2019), they can, if directed by the Court, provide further information pertinent to the reasonableness of the attorneys' fees and costs.

The compromise agreed upon by the Parties resolves all of Plaintiffs claims for attorneys' fees and Plaintiffs have no responsibility to their counsel for any out-of-pocket sums. Importantly, throughout the entirety of the litigation in this case, Plaintiffs were represented by competent counsel with experience in labor and employment law and Defendants also have been represented by experienced counsel with experience in labor and employment law. The Parties further advise the Court that their settlement agreement submitted herewith includes every term and condition of the Parties' settlement.

## III.  **CONCLUSION**

For the foregoing reasons, Plaintiffs and Defendants respectfully request this Court enter an order granting Plaintiff's Unopposed Motion to Approve Settlement.

Respectfully submitted,

**BROWN, LLC**

Dated: July 25, 2023

*/s/ Edmund Celiesius*
Edmund C. Celiesius (PHV)

Nicholas Conlon (PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
ed.celiesius@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*

Roger Orlando, Esq.
Georgia Bar No. 554295
THE ORLANDO FIRM, P.C.
315 West Ponce De Leon Ave
Suite 400
Decatur, GA 30030
TEL: (973) 898-0404
roger@orlandofirm.com

*Local Counsel for Plaintiff*

## FONT AND POINT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing PLAINTIFF'S UNOPPOSED MOTION TO APPROVE SETTLEMENT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

## CERTIFICATE OF SERVICE

I, Edmund C. Celiesius, Esq., hereby certify that on July 25, 2023, I filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to the attorneys of record:

| Christopher J. York, Esq. | **-AND-** | Albert J. Bolet, III, Esq. |
|---|---|---|

Christopher J. York, Esq.                                    Albert J. Bolet, III, Esq.
YORK GASKILL, LLC                                          GOICO & BOLET, P.C.
1815 Satellite Blvd.                                              2021 N. Druid Hills Road
Suite 404                                                             Suite 200
Duluth, GA 30097                                               Atlanta, GA 30329
Phone: (770) 817-4939                                        Phone: (404) 320-3456
Fax: (678) 530-1088                                           Fax: (404) 320-3026
chrisyork@yorkgaskill.com                               gb@goicobolet.com
chipgaskill@yorkgaskill.com                            abolet@goicobolet.com

*Counsel for Defendants*                                   *Counsel for Defendants*


*/s/ Edmund Celiesius*
Edmund C. Celiesius (PHV)